UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GARTEN,

    Plaintiff,                       CIVIL ACTION NO. 05-CV-71435-DT

  v.                              DISTRICT JUDGE PAUL D. BORMAN
                                    MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 20, 2000, alleging that he had become disabled and unable to work on March 17, 1998, at age 35, due to a status post fracture of his right tibia, chronic headaches, mental depression, anxiety and low intellectual functioning. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on August 14, 2003, before Administrative Law Judge (ALJ) Henry Perez. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option. The ALJ restricted claimant from all types of climbing.  He concluded that the claimant should avoid moving machinery and

exposure to heights. The Law Judge also determined that Plaintiff was limited to simple, repetitive job duties, which did not require the claimant to work in close proximity to co-workers.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 40 years old at the time of the administrative hearing (TR 169).  He had a tenth grade education, and had been employed during the relevant past as a construction laborer and carpenter (TR 90).  As a building carpenter, he did a lot of walking and standing.  He had to constantly bend down and reach over his head.  He was required to lift upwards of 50 pounds on a regular basis (TR 92).  Claimant stopped working in March 1998, after fracturing his right leg in a fall at work (TR 153-154, 480-482). The claimant testified that he remained disabled due to severe pain in his right knee and ankle (TR 482). He also suffered from chronic headaches that prevented him from concentrating (TR 482). Other impairments which allegedly prevented him from returning to work included wrist and elbow pain and mental depression (TR 482-483).  Pain medications proved ineffective and made him sleepy (TR 489). Plaintiff estimated that he could stand for 10 minutes, sit for 15 minutes, walk 5 minutes and lift possibly 40 pounds (TR 491-492).  He claimed that he had no friends and socialized only with his parents and son (TR 490).

A Vocational Expert, Elizabeth Pasikowski, classified Plaintiff's past work as medium, semi-skilled activity (TR 493).  The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 496).  If he were capable of

---

[1] The witness opined that claimant's alleged need to lie down for most of the day would preclude all work activity (TR 496).

**2**

light work, however, there were numerous unskilled assembly, inspection, clerical and sorting jobs that he could perform with minimal vocational adjustment (TR 495). These low stress jobs provided a sit-stand option, and did not involve any climbing. The jobs did not require performing complex tasks, and did not involve direct contact with co-workers or supervisors. They also did not expose a worker to moving machinery or unprotected heights (TR 494-495).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of status post right tibia fracture, left deltoid strain, tension headaches, depression and anxiety, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's depression with anxiety limited him to low-stress, simple jobs that did not involve much contact with co-workers or supervisors. The Law Judge found that Plaintiff could not repetitively perform any climbing, and should not be exposed to moving machinery or unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of light work activity. He also argues that the ALJ improperly evaluated his credibility, particularly with regard to his mental difficulties. Plaintiff further argues that the Law Judge did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain or depression.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of

simple, light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling knee and ankle pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Dr. David Green, a treating physician, reported in July 1998, that Plaintiff was walking again four months after fracturing his right leg in a work-related accident. A physical and neurological evaluation were essentially normal (TR 210). The claimant's gait was intact, and he was able to perform tandem walking without difficulty (TR 211). By May 1999, Plaintiff informed Dr. Green that his headaches had diminished in frequency and duration. The claimant also reported that his vertigo had resolved completely (TR 228).

A consultative physical examination by Dr. Peter Naik in March 2000, revealed that Plaintiff had normal range of motion in his ankles with no swelling or deformity (TR 234). There was also no swelling or deformity in either knee joint, although the examiner noted slightly decreased bilateral knee flexion (TR 234). A range of motion study of claimant's spine, shoulders, elbows, hips, wrist, and fingers was within normal limits (TR 239-240). While the Plaintiff complained of pain in his feet with prolonged standing or walking, Dr. Naik could not find any systemic disorder affecting the joints to account for the chronic pain (TR 235).

Dr. Green submitted an updated report in January 2001, detailing claimant's chronic headaches and periodic panic attacks (TR 413-414). Medication brought claimant's anxiety under control by April 2001 (TR 408). A year later, Plaintiff reported that Vicodin had relieved his headaches, and that he was no longer experienced any dizziness (TR 427). A progress note submitted by Dr. Green in September 2003, indicated that the claimant denied suffering any side effects from medications prescribed to relieve his joint pain and

anxiety (TR 423). Another physical and neurological evaluation performed by Dr. Green in January 2003, found no abnormalities. Claimant did not have any problems walking, and his strength was bilaterally symmetrical in both the upper and lower extremities (TR 419). The ALJ's decision was consistent with the specific limitations imposed by the treating physician[2]. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his joint pain, headaches and anxiety were not fully credible.

Contrary to Plaintiff's assertion, the ALJ properly found that the record did not show mental retardation during the developmental period before age 22, as would be required to meet section 12.05 of the Listing of Impairments[3]. Similarly, claimant's antisocial personality disorder failed to meet section 12.08 of the Listing of Impairments, as he has no "marked" functional limitations in his ability to engage in activities of daily living, social functioning or maintaining concentration. Nevertheless, the Law Judge restricted claimant to low-stress, simple jobs that did not involve much contact with co-workers or supervisors.

When evaluating Plaintiff's residual mental functional capacity, the Law Judge took into consideration the opinion of Dr. Rom Kriauciunas, Ph.D., a state agency psychologist,

---

[2]Plaintiff argues that the ALJ erred in not assigning controlling weight the opinion of Dr. O'Neill, who indicated in a February 2000, form report that the claimant could not perform any standing or walking and that he was only able to sit for 4 hours per day (TR 232). However, the ALJ weighed Dr. O'Neill's opinion in accordance with the standards set forth in the regulations and reasonably found that it was entitled to little weight because it was unsupported by treatment notes and was inconsistent with other findings in the record (TR 26).

[3]Plaintiff argues that intelligence tests, conducted in August 2003, showed him to be in the borderline range of intelligence (TR 472). As pointed out by the ALJ, Plaintiff ability to perform substantial gainful activity for many years as an adult suggests that his current IQ scores, even if valid, were not reflective of such intellectual impairment prior to age 22 (TR 25).

who evaluated claimant in January 2002. The psychologist opined that the claimant had mild difficulties maintaining concentration, persistence or pace, and had no episodes of decompensation due to any mental impairment (TR 336). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's cognitive and personality disorders would not interfere with his ability to engage in a wide range of substantial gainful activity.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments[4], the Vocational Expert testified that there were numerous

---

[4]There is no support for Plaintiff's argument that the ALJ did not consider his impairments in combination when assessing his residual functional capacity (RFC).  A review of the Law Judge's decision shows that he considered all of the claimant's impairments. The Law Judge throughly discussed the medical record, and his RFC finding

**7**

unskilled assembly, inspection, clerical and sorting jobs that he could perform with minimal vocational adjustment (TR 495). These low stress jobs provided a sit-stand option and did not involve any climbing.  The jobs did not require performing complex tasks, and did not involve direct contact with co-workers or supervisors.  They did not expose a worker to moving machinery or unprotected heights (TR 494-495). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule

---

included both exertional and non-exertional impairments (TR 26).

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: June 21, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 21, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 21, 2006. **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217